[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: JURISDICTION
On October 3, 1994, the plaintiffs, Fairfield Resources Management, Inc. (FRM) and Rock Acquisition Limited Partnership (RA), commenced this appeal, pursuant to General Statutes § 22a-43(a), by service of process on the Brookfield Inland Wetlands Commission. On October 12, 1994, the plaintiffs served the Department of Environmental Protection.
The plaintiffs allege the following facts in their appeal. On or about March 24, 1994, FRM filed an application with the Brookfield Inland Wetlands Commission (Commission) for a permit to conduct regulated activities on land owned by RA. The Commission denied FRM's application on September 14, 1994, and ordered FRM to perform work on RA's land.[1] The Commission published notice of its decision on September 19, 1994.
On January 6, 1995, the defendant Commission filed its answer and the return of record. Subsequently, the Commissioner of the Department of Environmental Protection (DEP commissioner) decided, pursuant to General Statutes § 22a-43(a),[2] to CT Page 1543 participate in this appeal. On January 9, 1995, the DEP commissioner filed an answer.
On March 3, 1995, the plaintiffs filed their brief. In response, both the Commission and the DEP commissioner filed briefs on April 7, 1995. Additionally, the Commission filed a supplemental return of record, dated June 9, 1995.
Subsequently, on June 30, 1995, the plaintiffs filed a supplemental brief. On July 18, 1995 and July 21, 1995, the DEP commissioner and the Commission, I respectively, filed supplemental briefs.
On September 18, 1995, the Laurel Hill Association (Association) filed a notice of intervention in this case and an answer. The Association intervened pursuant to General Statutes § 22a-19(a),[3] asserting that FRM's permit application involved conduct which would unreasonably pollute, impair or destroy the air, water or other natural resources of the state.
On October 2, 1995, the Association filed a motion to dismiss this appeal and a memorandum of law in support. At this time, the Association also filed its brief contesting the Commission's issuance of a cease, desist and restore order on September 12, 1994. In response, on October 16, 1995, the plaintiffs filed a memorandum in opposition to the Association's motion to dismiss. In addition, the DEP commissioner filed a reply memorandum to the Association's motion to dismiss on October 16, 1995.
The plaintiffs filed a second supplemental brief on November 3, 1995, and the DEP commissioner filed a second supplemental brief, dated November 13, 1995.
The DEP commissioner argues that the court lacks subject matter jurisdiction over the cease, desist and restore order because the plaintiffs were not aggrieved by the September 12, 1994 order of the Commission, and because the plaintiffs failed to exhaust their administrative remedies. Specifically, the DEP commissioner argues that the "Supplemental Return of Record establishes that the Commission properly held the statutorily required hearing and affirmed the original order. Thus, the original order, the only one the plaintiffs appealed, expired and the plaintiffs are not aggrieved by that order." (DEP Commissioner's Supplemental Brief, dated July 17, 1995, p. 2.) The DEP commissioner further observes that the plaintiffs have CT Page 1544 raised the defense of futility as an exception to the exhaustion doctrine. The DEP commissioner, however, argues that this defense is not available to the plaintiffs because the plaintiffs failed to participate in the show cause hearing required by General Statutes § 22a-44(a). (DEP Commissioner's Second Supplemental Memorandum, dated November 13, 1995.)
The Commission argues that the cease, desist and restore order was not an appealable final decision at the time the plaintiffs commenced this appeal because the show cause hearing required by § 22a-44(a) had not been held. (Commission's Brief, dated April 7, 1995, p. 8.) Further, the Commission argues that because, at the time this appeal was served on the Commission, the plaintiffs had the statutory right to a hearing before the Commission on the merits of the cease, desist, and restore order, the plaintiffs had not exhausted their administrative remedies. (Commission's Brief, dated April 7, 1995, p. 8.) Therefore, the Commission argues that the court lacks jurisdiction to entertain the portion of this appeal regarding the cease, desist, and restore order of September 12, 1994. Accordingly, the Commission requests that the court dismiss the cease, desist and restore order portion of the appeal. (Commission's Brief, dated April 7, 1995, p. 8.)
In opposition, the plaintiffs argue that the court should allow them to pursue their appeal of the Commission's cease, desist and restore order, despite their decision not to present evidence at the show cause hearing. (Plaintiffs' Second Supplemental Brief, dated November 2, 1995, p. 2.) The plaintiffs argue that the courts have recognized an exception to the exhaustion of administrative remedies doctrine where the available administrative relief is inadequate or futile. (Plaintiffs' Second Supplemental Brief, dated November 2, 1995, p. 3.) The plaintiffs maintain that based on the denial of their permit application, they were certain that the Commission would deny the appeal of the cease, desist and restore order. (Plaintiffs' Second Supplemental Brief, dated November 2, 1995, p. 3.) Therefore, they argue that it would have been futile for the plaintiffs to appeal the cease, desist and restore order to the Commission. (Plaintiffs' Second Supplemental Brief, dated November 2, 1995, p. 3.)
The intervening Association's brief does not address the court's subject matter jurisdiction over the appeal. CT Page 1545
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Tolly v. Department of Human Resources, 225 Conn. 13,29, 621 A.2d 719 (1993). Subject matter jurisdiction is a question of law that cannot be waived or conferred by consent of the parties. Mannweiler v. LaFlamme, 232 Conn. 27, 35,653 A.2d 168 (1995). If a court does not have jurisdiction to hear a matter it should dismiss the action, "even on its own initiative . . . ." Sasso v. Aleshin, 197 Conn. 87, 89,495 A.2d 1066 (1985). "Proceedings conducted or decisions made by a court are legally void where there is an absence of jurisdiction over the subject matter." Farricielli v. Personnel Appeal Board,186 Conn. 198, 206, 440 A.2d 286 (1982).
General Statutes § 22a-44(a) provides that if the inland wetlands agency finds that a person is conducting an activity, facility or condition which violates the Inland Wetlands and Watercourses Act[4], or the inland wetlands agency's regulations, the agency may issue a written order to cease immediately the activity or to correct the facility or condition.[5] General Statutes § 22a-44(a). The statute also provides that within ten days of issuing such an order, the agency must hold a hearing to provide the person an opportunity to be heard and show cause why the order should not remain in effect. Id.
In addition, the Commission's regulations mirror General Statutes § 22-a44(a). The Commission's regulation § 220-14(C)(1) provides that if the Commission finds a person conducting or maintaining an activity, facility or condition in violation of the Inland Wetlands and Watercourses Act or its regulations, the Commission may issue "a written order . . . to such person conducting such activity or maintaining such facility or condition to immediately cease such activity or to correct such facility or condition."
In Ruotolo v. Inland Wetlands Agency, 18 Conn. App. 440,448-49, 558 A.2d 1021 (1989), cert. denied, 212 Conn. 807,563 A.2d 1356 (1989), the court discussed the time provision contained in General Statutes § 22a-44(a). The court distinguished between the mandatory nature of holding the hearing and the non-mandatory nature of the ten (10) day time provision. Consequently, the court observed that "[w]hile it is undoubtedly true that under the statute it is mandatory that the defendant hold a hearing on CT Page 1546 the merits after issuing a cease and desist order, it does not necessarily follow that the time period is also mandatory." (Emphasis added.) Id., 448.
Additionally, General Statutes § 22a-44(a) provides that within ten days of the hearing's completion, the agency must notify the person whether the order is still in effect, or a revised order is in effect, or the order has been withdrawn. General Statutes § 22a-44(a). The agency's order is effective upon issuance and remains in effect until the agency affirms, revises or withdraws the order. Id.; see also R. Fuller, Land Use Law and Practice § 41.8, p. 686 (1993) (stating that 22a-44(a) "allows the inland wetlands agency or its agent to issue a cease and desist order against any person who is violating the inland wetlands statutes or municipal regulations and provides for a hearing on the order. If the agency affirms, revises, or withdraws the order, it would be appealable to the Superior Court under section 22a-43 of the General Statutes").
General Statutes § 22a-43(a)[6] provides that the DEP commissioner or a person aggrieved by a regulation, order, decision or action made, pursuant to the Inland Wetlands and Watercourses Act, by the DEP commissioner, district or municipality, or a person owning or occupying land which abuts a portion of land or is within a radius of ninety feet of the wetland or watercourse involved in a regulation, order or decision or action made, pursuant to these sections, may appeal to the superior court. General Statutes § 22a-43(a). The Inland Wetlands and Watercourses Act, however, does not define the terms "regulation," "order," "decision" or "action."
"[O]ur fundamental objective in construing a statute is to ascertain and give effect to the apparent intent of the legislature . . . ." (Internal quotation marks omitted.) Derwinv. State Employees Retirement Commission, 234 Conn. 411, 420,661 A.2d 1025 (1995). "In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result." (Internal quotation marks omitted.) Summit Hydropower Partnership v. Commr. ofEnvironmental Protection, 226 Conn. 792, 808, 629 A.2d 367
(1993).
The dispositive issue in this case is whether a "written order to cease immediately the activity or to correct the facility or condition" constitutes the type of order, decision or CT Page 1547 action which is appealable to the superior court, pursuant to General Statutes § 22a-43(a), prior to the Commission holding the mandatory hearing where the person may "show cause why the order should not remain in effect." See R. Fuller, Land Use Law and Practice § 36.4, p. 621 (1993) (stating that "[w]hile there are apparently no cases, preliminary decisions of an inland wetlands agency may not be appealable"). Furthermore, because the plain language of the Inland Wetlands and Watercourses Act does not resolve this question of statutory interpretation, the court may turn to the Uniform Administrative Procedures Act (UAPA) for guidance. See Department of Utilities v. Carothers, 28 Conn. App. 674,682, 613 A.2d 316 (1992) (where the court looked to the UAPA to define "contested case" because the Connecticut Water Diversion Policy Act, General Statutes §§ 22a-365 to 22a-378, did not define "contested case").
General Statutes § 4-183[7] enunciates the right to appeal under the UAPA. In State v. State Employees' Review Board,231 Conn. 391, 403, 650 A.2d 158 (1994), the court analyzed whether the trial court properly determined that a decision of the defendant state employees' review board was an appealable final decision, pursuant to General Statutes § 4-183(a). In that case, the court stated that the "considerations underlying the requirement of finality of an agency decision as a prerequisite to judicial review are akin to those involved in the ripeness doctrine as applied to administrative rulings. Its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties . . . . The relevant considerations in determining finality are whether the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action . . . . Another significant consideration is whether the agency intended its decision to be final." (Brackets omitted; citations omitted; internal quotation marks omitted.) Id., 403-04.
In the present case, at its September 12, 1994 meeting, the Commission denied the plaintiffs' application for a permit to conduct regulated activities within and adjacent to wetland areas and watercourses via a Notice of Decision, and the Commission CT Page 1548 issued a cease, desist and restore order. (Return of Record [ROR], Item 1: Application of Fairfield Resources Management, Inc. to the Town of Brookfield Inland Wetlands Commission, dated March 24, 1994, with copy of the September 12, 1994 Notice of Decision of the Inland Wetlands Commission attached; ROR, Item 138: Minutes of the September 12, 1994 meeting of the Inland Wetlands Commission.) At this meeting, the Commission also scheduled the required show cause hearing on the cease, desist and restore order for September 19, 1994. (ROR, Item 138.) Although the Commission scheduled a show cause hearing for September 19, 1994, the hearing was continued to October 3, 1994, then to October 11, 1994, and finally to October 24, 1994. (ROR, Item 139: Minutes of the September 19, 1994 meeting of the Inland Wetlands Commission; Supplemental ROR, Item 2: Minutes of the October 11, 1994, meeting of the defendant Commission; SROR, Item 3; Minutes of October 24, 1994 meeting of the defendant Commission.) The Commission decided at the October 24, 1994 hearing, to maintain in effect the cease, desist and restore order, which it had issued on September 12, 1994. (SROR, Item 3; SROR, Item 4: October 28, 1994 letter from Angela J. Abercrombie, Acting Chairman of the Inland Wetlands Commission to Robert W. Parker, President of Fairfield Resources Management, Inc., with certified mail return receipt attached.)
The Commission's cease, desist and restore order, as it existed on October 3, 1994, when the plaintiffs commenced this appeal, did not satisfy the criteria for a denied the plaintiffs' application for a permit to conduct regulated activities within and adjacent to wetland areas and watercourses via a Notice of Decision, and the Commission issued a cease, desist and restore order. (Return of Record [ROR], Item 1: Application of Fairfield Resources Management, Inc. to the Town of Brookfield Inland Wetlands Commission, dated March 24, 1994, with copy of the September 12, 1994 Notice of Decision of the Inland Wetlands Commission attached; ROR, Item 138: Minutes of the September 12, 1994 meeting of the Inland Wetlands Commission.) At this meeting, the Commission also scheduled the required show cause hearing on the cease, desist and restore order for September 19, 1994. (ROR, Item 138.) Although the Commission scheduled a show cause hearing for September 19, 1994, the hearing was continued to October 3, 1994, then to October 11, 1994, and finally to October 24, 1994. (ROR, Item 139: Minutes of the September 19, 1994 meeting of the Inland Wetlands Commission; Supplemental ROR, Item 2: Minutes of the October 11, 1994 meeting of the defendant Commission; SROR, Item 3: Minutes of October 24, 1994 meeting of the defendant CT Page 1549 Commission.) The Commission decided at the October 24, 1994 hearing, to maintain in effect the cease, desist and restore order, which it had issued on September 12, 1994. (SROR, Item 3; SROR, Item 4: October 28, 1994 letter from Angela J. Abercrombie, Acting Chairman of the Inland Wetlands Commission to Robert W. Parker, President of Fairfield Resources Management, Inc., with certified mail return receipt attached.)
The Commission's cease, desist and restore order, as it existed on October 3, 1994, when the plaintiffs commenced this appeal, did not satisfy the criteria for a final decision, as enunciated in State v. State Employees' Review Board, supra,231 Conn. 391.
Initially, General Statutes 22a-44(a) explicitly provides for a show cause hearing subsequent to the Commission issuing a cease, desist or restore order. In Ruotolo v. Inland WetlandsAgency, supra, 18 Conn. App. 448, the court emphasized the mandatory nature of holding "a hearing on the merits after issuing a cease and desist order . . . ." If a party were entitled to appeal a cease, desist and restore order to the superior court prior to the mandatory show cause hearing, judicial review would "disrupt the orderly process of adjudication." State v. State Employees' Review Board, supra,231 Conn. 404.
In addition, also based on the plain language of General Statutes 22a-44(a), the court may find that the Commission did not intend its issuance of the cease, desist and restore order to be a final order. General Statutes 22a-44(a) explicitly provides that subsequent to issuing a cease and desist or restore order, the Commission must provide the parties to the order with an opportunity to be heard and show cause why the order should not remain in effect. The Commission then must "consider the facts presented at the hearing and within ten days of the completion of the hearing notify . . ." the parties "that the original order remains in effect, that a revised order is in effect, or that the order has been withdrawn." General Statutes 22a-44(a). The statute clearly provides that the Commission not only will have further proceedings regarding the propriety of the cease and desist or restore order, but also that the Commission will issue a decision either affirming, revising or withdrawing the cease and desist or restore order.
Neither the rights nor the obligations of the parties were CT Page 1550 determined finally, nor did legal consequences flow from the Commission's cease, desist and restore order prior to the statutorily required show cause hearing. General Statutes 22a-44(a) states plainly that the "original order shall be effective upon issuance and shall remain in effect until the agency affirms, revises or withdraws the order." The initial cease, desist and restore order, which the plaintiffs appealed prior to the show cause hearing, was only valid from September 12, 1994 to October 24, 1994, when the Commission decided to maintain in effect this cease, desist and restore order.
The plaintiffs raised the doctrine of futility in their briefs as a defense for their failure to exhaust administrative remedies.
"It is a settled principle of administrative law that, if an adequate j administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter . . . . This requirement reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment." (Citations omitted; internal quotation marks omitted.) O GIndustries Inc. v. Planning Zoning Commission, 232 Conn. 419,425, 655 A.2d 1121 (1995). "We have recognized, however, certain limited exceptions to the exhaustion requirement. Such exceptions include where the available relief is inadequate or futile . . . or where local procedures cannot effectively, conveniently or directly determine whether the plaintiff is entitled to the relief claimed." (Citations omitted; internal quotation marks omitted.) Id., 426. "It is futile to seek a remedy only when such action could not result in a favorable decision and invariably would result in further judicial proceedings." (Internal quotation marks omitted.) Id., 429. "We have never held [, however,] that the mere possibility that an administrative agency may deny a party the specific relief requested is a ground for an exception to the exhaustion requirement." Housing Authority v.Papandrea, 222 Conn. 414, 424, 610 A.2d 637 1992).
Although the plaintiffs have raised the doctrine of futility as a defense for their failure to exhaust administrative remedies, the dispositive procedural defect in this case is that, at the time the plaintiffs appealed the cease, desist and restore order on October 3, 1994, this order was not an appealable final CT Page 1551 decision. A failure to exhaust administrative remedies differs from attempting to appeal an order, which is not an appealable final decision. Furthermore, although the doctrine of futility acts as a defense to a failure to exhaust administrative remedies, it does not act as a defense to appealing an order, which is not an appealable final decision. Therefore, the plaintiffs in this case cannot avail themselves of the narrow defense provided by the doctrine of futility.
On October 3, 1994, the process of administrative decisionmaking had reached a stage where judicial review would disrupt the orderly process of adjudication, and neither the parties' rights nor obligations had been determined, nor did legal consequences flow from the Commission's issuance of the cease, desist and restore order prior to the show cause hearing. See State v. State Employees' Review Board, supra, 231 Conn. 404-08. Additionally, the Commission did not intend to render a final decision when it issued the cease, desist and restore order on September 12, 1994. Id. Therefore, because the Commission's cease, desist and restore order, as appealed from on October 3, 1994, did not constitute a final decision, the plaintiffs could not appeal the cease, desist and restore order at that time. Thus, the court lacks subject matter jurisdiction over the portion of this appeal concerning the Commission's issuance of the September 12, 1994 cease, desist and restore order. The court, however, does have subject matter jurisdiction over the portion of this appeal regarding the Commission's September 12, 1994 decision to deny the plaintiffs' wetlands permit application. Therefore, the court will hear that portion of the appeal on Monday, April 22, 1996 at 2 p. m.
Leheny, J.